**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **TIMOTHY PARKER,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**FEDEX CORPORATION,**<br><br>***Defendant.*** | **CIVIL ACTION NO. 5:26-cv-00152-TES** |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Timothy Parker, filed suit against Defendant, the FedEx Corporation ("FedEx"), on April 22, 2026. [Doc. 1]. Plaintiff alleges that Defendant unlawfully terminated his employment under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. [Doc. 1 at ¶¶ 1, 56].

On August 17, 2026, Defendant filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See generally* [Doc. 9].[1] Plaintiff responded to that motion [Doc. 10], and Defendant replied to his response. [Doc. 11]. This Court stayed any discovery and discovery-related deadlines until it rules on Defendant's motion to dismiss. [Doc. 13]. It now rules on Defendant's motion to dismiss.

[1] The parties jointly stipulated to extend Defendant's deadline to file a responsive pleading to August 17, 2026. [Doc. 6].

**BACKGROUND**

Taking the facts as alleged in Plaintiff's complaint as true, as this Court must, the story here is straightforward. Plaintiff was a longtime FedEx employee. He started working for the company around early October of 2001, at their Atlanta Ramp Hartsfield-Jackson Airport location. [Doc. 1 at ¶ 16]. By 2005, he was promoted twice. [*Id.* at ¶¶ 18–19]. In 2009, FedEx transferred him to their Norcross Ground location, where he "reduced the loss rate from triple digits per thousand shipments to single digits." [*Id.* at ¶¶ 20–23]. However, after FedEx tripled his Norcross workload in 2024, Plaintiff took a new position at its Macon facility, where he was employed as a Senior Security Specialist from October of that year until his termination. [*Id.* at ¶¶ 24–26].

Plaintiff alleges that he inherited a three-hundred-fifty (350) case backload. [*Id.* at ¶ 27]. Further, instead of giving Plaintiff an opportunity to minimize his inherited caseload, Defendant "sent a management team of investigators to determine why Plaintiff was behind in his cases" within a month of Plaintiff taking the job. [*Id.* at ¶ 28].

On January 12, 2025, Plaintiff received a phone call from a man named Trey Lance. [*Id.* at ¶ 30].[2] Lance arrived at the Macon location to retrieve something called a "pelican crate" from Plaintiff. [*Id.* at ¶ 31]. When Plaintiff entered the warehouse to help

[2] This Court accepts as true the well-pled factual allegations in Plaintiff's complaint for purposes of considering Defendant's motion to dismiss. However, for clarity, the Court does note that Defendant—upon information and belief—states in its reply that the individual's name is Trey Landry, not Trey Lance. [Doc. 9-1, p. 3, n. 1].

Lance retrieve the pelican crate, he slipped on a piece of label backing, fell onto the floor, and tore his meniscus. [*Id.* at ¶¶ 32–34].

Plaintiff informed FedEx of his workplace injury on January 14, 2025; his boss filled out a workers' compensation form and told him to go to the doctor for an evaluation, where he first learned he had a torn meniscus. [*Id.* at ¶¶ 35–38]. However, in response to his injury claim, "Mr. McManus," a FedEx Senior Manager, met with Plaintiff and told him there was no evidence of his injury. [*Id.* at ¶¶ 39–40]. While Plaintiff's claim was under investigation, McManus placed him on suspension and sent him a separation letter, offering him $20,000 in exchange for his retirement. [*Id.* at ¶¶ 41–42]. Plaintiff did not accept the offer. [*Id.* at ¶ 43]. After he refused the offer, Defendant terminated his employment on April 7, 2025. [*Id.* at ¶ 44]. Plaintiff does not allege which employee or employees in particular were responsible for the decision to terminate his employment.

Plaintiff claims that, since July of 2003, he has been a member of a protected class based on his age. [*Id.* at ¶ 17]. At the time of his injury, he was over the age of forty years old and qualified to perform the tasks required by his position. [*Id.* at ¶¶ 46–47]. Although Defendant maintains that Plaintiff was terminated because of false statements regarding an alleged injury at work [*Id.* at ¶ 48]; [Doc. 9-1, p. 4], he was one of "several" employees terminated and replaced with a younger individual. [Doc. 1 at ¶¶ 45, 49–50].

Plaintiff alleges that he was "subject to adverse employment action when Defendant terminated him on April 7, 2025," and that "Defendant discriminated against Plaintiff based on his age and ultimately terminated his employment due to his status as an employee over 40, a protected class of individuals." [*Id.* at ¶¶ 51–52]. He brings a claim for age discrimination under the ADEA. [*Id.* at ¶¶ 53–61]; 29 U.S.C. § 623.

**LEGAL STANDARD**

Defendants seek to dismiss Plaintiff's action against them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more

than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all the factual allegations in the complaint as true, they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence

to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

In the context of employment discrimination claims, including ADEA claims, a plaintiff may properly state a claim without showing it can meet the *McDonnell Douglas* evidentiary burden for claims based on circumstantial evidence of discrimination. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245–46 (11th Cir. 2015); *see also Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917–919 (11th Cir. 2015).[3] However, he must provide enough factual matter, taken as true, to *suggest* intentional discrimination.

[3] Under the *McDonnell Douglas* burden-shifting framework, a plaintiff must first make a *prima facie* case to support an inference of discrimination, including an adverse employment action taken against him, which the employer may then rebut by offering a legitimate, non-discriminatory reason for the adverse action. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332–33 (11th Cir. 2013). The plaintiff must then show that the employer's provided reason is either false or merely a pretext for actual unlawful discrimination. *Id.* Under this evidentiary burden, the plaintiff holds the burden of persuasion. *Id.* at 1332. However, this framework "is an evidentiary standard, not a pleading requirement." *Surtain*, 789 F.3d at 1246 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). So, at pleading, plausibility remains the standard.

*Surtain*, 789 F.3d at 1246 (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).

To do so, a plaintiff may opt to allege a prima facie case for ADEA discrimination, demonstrating that: (1) he was a member of a protected age group; (2) he was subjected to adverse employment action; (3) he was qualified to do the job in question; and (4) he was replaced by or otherwise lost a position to a younger individual. *Chapman v. Al Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000). But such an exhaustive complaint is not required. An employment discrimination complaint need not include "specific facts establishing a prima facie case of discrimination" at the pleadings stage to survive a Rule 12(b)(6) motion. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508, 510 (2002); *see also Buchanan v. Delta Air Lines Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018) (holding clearly that dismissal of an ADEA age discrimination claim for failure to state a claim was "in error" where the dismissal rested on "the fact that the allegations [the plaintiff] raised failed to establish a *prima facie* case of age discrimination"—even though the Eleventh Circuit agreed that the complaint did not establish a prima facie case). Instead, the complaint must "provide enough factual matter to plausibly suggest intentional discrimination." *Buchanan*, 727 F. App'x at 641 (citing *Surtain*, 789 F.3d at 1246).

With the foregoing standards in mind—and taking the facts asserted in Plaintiff's complaint as true—the Court rules on Defendant's motion to dismiss.

## DISCUSSION

Plaintiff does not fail to state a claim. Under the ADEA, a plaintiff must prove that his age was the "but-for" cause of the adverse employment action taken against him. *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 176 (2009); 29 U.S.C. § 623(a)(1). So, at the pleadings stage, a plaintiff's complaint must plausibly present a case that his age was the "but-for" cause of his employment termination, based on either direct or circumstantial evidence of discrimination. *See id.*; *see also Chapman*, 229 F.3d at 1024.

Here, Plaintiff does allege that he was over forty [Doc. 1 at ¶ 46], that he was terminated [*Id.* at ¶ 44], that he was qualified [*Id.* at ¶ 47], and that his position was later filled by a younger individual. [*Id.* at ¶ 45]. And, beyond these threadbare recitals of an ADEA claim's elements, Plaintiff also offers enough factual assertions to raise his claim beyond mere speculation.

Specifically, although Plaintiff does not allege that any particular FedEx employee engaged in ageist behavior, he does allege that FedEx fired him and replaced him with a younger employee, that FedEx has similarly fired "several" other employees and replaced them with younger workers, and enough facts to raise the possibility that FedEx's stated reason for terminating him—alleged false statements regarding his workplace injury—was pretextual. [*Id.* at ¶ 48].

This Court has previously found bare, conclusory allegations insufficient to meet the plausibility pleading requirement in the ADEA discrimination context. *See, e.g.*, *Grant*

*v. FedEx Ground Package Sys., Inc.*, No. 4:18-CV-129 (CDL), 2018 WL 5793860, at *2 (M.D. Ga. Nov. 2, 2018). In *Grant*, the Court reasoned that a plaintiff failed to plausibly plead age-based discrimination claims under ADEA because she failed to allege that any actor for the Defendant with influence over her termination acted with ageist animus, engaged in ageist behavior, or uttered any ageist remark. *Id.* So, the *Grant* plaintiff failed to state a claim because she failed to present any plausible case that she was terminated *because of* her age, even though she did allege a simple recitation of the elements (that she was over forty years old, was terminated, and was replaced by a younger hire). *Id.*

This complaint is different. Here, like the plaintiff in *Grant*, Plaintiff does not make any allegations of direct ageist animus, ageist behavior, or ageist remarks. However, unlike the plaintiff in *Grant*, Plaintiff goes beyond bare recitation of the elements. Plaintiff instead alleges several nonconclusory facts that—taken as true—support a plausible inference that the stated reasons for terminating him were pretextual.

Plaintiff alleges that he was injured at work; he reported a workplace injury, was directed to obtain a medical evaluation, and received confirmation from a medical provider that he tore his meniscus. [Doc. 1 ¶¶ 35–38]. Then, he alleges that a FedEx employee placed him on suspension (and his claim under investigation), claiming there was "no evidence" supporting his meniscus injury. [*Id.* at ¶¶ 39–41]. Following this investigation, FedEx first sent him a letter offering money in exchange for his retirement, and then—when he refused the offer—fired him. [*Id.* at ¶¶ 42–44]. Plaintiff rounds out

his factual allegations by claiming that his termination came on the heels of a company investigation into his results at work [*Id.* at ¶¶ 27–29] and was part of a pattern of terminations where older workers were replaced with younger alternatives. [*Id.* at ¶¶ 44–45, 49–50].

Taking these allegations as true, these facts potentially suggest intentional discrimination: the company told Plaintiff to seek medical evaluation of his injury, he obtained medical evaluation, and then he was fired allegedly due to false statements regarding that evaluated injury. So, Plaintiff was *possibly* terminated for a policy violation he did not commit, supporting a plausible inference that the stated injury-related reason for his termination was pretextual.

And, when combined with the allegation that Plaintiff is not the only employee to be fired and replaced by a younger worker, Plaintiff's allegations further support a plausible inference that his age—rather than some other reason—was the actual but for cause of his termination, even without an outright admission of discriminatory intent from any FedEx employee. *See Buchanan*, 727 F. App'x at 642 (holding that a plaintiff stated a claim for age discrimination where she alleged facts that, together, established she was terminated for a violation she did not commit and, therefore, that her employer's cited reasons for terminating her were pretextual).

Simply put, Plaintiff's complaint goes beyond conclusory restatement of an ADEA claim's elements and provides nonconclusory facts suggesting a claim of age

discrimination beyond the speculative level. The possibility of alternative, lawful explanations for Defendant's decision to terminate Plaintiff is not enough to dismiss for failure to state a claim.

## CONCLUSION

Accepting the facts in the complaint as true, Plaintiff states a claim upon which relief can be granted. Accordingly, this Court **DENIES** Defendant's motion to dismiss for failure to state a claim.

**SO ORDERED**, this 14th day of October, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**